**EFiled:  Sep 04 2020 09:20AM EDT**
**Filing ID 65904501**
**Case Number 137,2020**

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN W. BRITTINGHAM, | § | |
| | § | No. 137, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 0902004132 (S) |
| Plaintiff Below, | § | 1307001326 (S) |
| Appellee. | § | |

Submitted:  June 29, 2020
Decided:    September 4, 2020

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## O R D E R

After careful consideration of the appellant's opening brief, the State's motion

to affirm, and the record below, it appears to the Court that:

(1)    John Brittingham appeals the Superior Court's February 7, 2020

violation of probation ("VOP") sentencing order.  We find no merit to the appeal.

Accordingly, we affirm the Superior Court's judgment.

(2)    On August 5, 2009, Brittingham pleaded guilty to three counts of

second degree burglary, four counts of theft of a firearm, and one count of possession

of a firearm by a person prohibited in Criminal ID No. 0902004132.  The Superior

Court immediately sentenced Brittingham to an aggregate of 33 years of Level V

incarceration, suspended after four years and the successful completion of the Key Program followed by decreasing levels of supervision.

(3)    While Brittingham was on probation, he picked up new criminal charges.  On December 6, 2013, Brittingham pleaded guilty to one count of possession of a deadly weapon by a person prohibited and one count of second degree burglary to resolve these new charges in Criminal ID No. 1307001326.  The Superior Court immediately sentenced Brittingham to an aggregate of 11 years of Level V incarceration, suspended after six years and the successful completion of the Key Program followed by decreasing levels of supervision.   On the basis of these new charges, the Superior Court found Brittingham had violated the terms of his probation in Criminal ID No. 0902004132 and sentenced him to an aggregate of 12 years of Level V incarceration, suspended after two years followed by four years of Level III probation.

(4)    In October 2019, the Department of Correction conditionally released Brittingham in Criminal ID No. 1307001326 under 11 *Del. C.* § 4348[1] because he had earned statutory and meritorious good time credits in both Criminal ID No. 1307001326 *and* Criminal ID No. 0902004132.  On January 23, 2020, Brittingham's

[1] 11 *Del. C.* § 4348 ("A person released on or after August 8, 2012, having served that person's term or terms in incarceration, less such merit and good behavior credits as have been earned, shall, upon release, be deemed as released on probation until the expiration of the maximum term or terms for which the person is sentenced.  A person may waive the right to conditional release, in which case the person shall serve the remainder of the term or terms in prison.  Such waiver shall be in writing.").

probation officer filed a VOP report with the Superior Court alleging that Brittingham had violated the terms of his probation in both cases by testing positive for cocaine and absconding from probation.

(5)  On February 7, 2020, the Superior Court held a VOP hearing. The Superior Court found that Brittingham had violated the terms of his probation and sentenced him to an aggregate of eight years of Level V incarceration suspended for decreasing levels of supervision in Criminal ID No. 0902004132. In Criminal ID No. 1307001326, the Superior Court revoked Brittingham's conditional release and ordered that he forfeit all previously earned statutory and meritorious good time and that he serve the balance of the sentence from which he had been released. This appeal followed.

(6)  Once the State has proven by a preponderance of the evidence that a VOP has occurred, the Superior Court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[2] If the sentence imposed falls within statutory limits, we will not disturb the sentence on appeal unless the probationer can establish that the sentencing judge relied on impermissible factors or exhibited a closed mind when imposing the sentence.[3]

---

[2] 11 *Del. C.* § 4334(c).
[3] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

(7) In his opening brief on appeal, Brittingham does not dispute that he violated the terms of his probation, nor does he argue that the sentencing judge relied on impermissible factors or sentenced him with a closed mind. Rather, Brittingham argues that, because he was conditionally released in Criminal ID No. 1307001326, the Superior Court erred by ordering the forfeiture of the good time credit he earned in Criminal ID No. 0902004132. Brittingham's argument is unavailing.

(8) The Department of Correction ("DOC") computes an inmate's estimated good time credits based on the total of an inmate's sentences and conditionally subtracts that total from the total prison time the inmate is serving to determine a conditional release date.[4] In *Snyder v. Andrews*, this Court has held that DOC's "method of computing good time result[ing] in the computation of one parole eligibility date and one conditional release date for each inmate, without regard to the number of sentences being served by the inmate[,]" is "consistent with the basic goals of parole and conditional release."[5] The elimination of parole divested DOC of jurisdiction over conditional release, leaving the Superior Court with jurisdiction over conditional release as well as "traditional" VOPs. Nonetheless, the rationale in *Andrews* is still applicable and guides our decision to affirm the Superior Court's sentence in this case. As a practical matter, because Brittingham was conditionally

---

[4] *See Snyder v. Andrews*, 708 A.2d 237, 239 (Del. 1998).
[5] *Id.* at 247-48.

released due, in part, to the good time credit he earned in Criminal ID No. 0902004132, it was only fair that he forfeited that credit when he failed to abide by the terms of his probation and the Superior Court revoked his conditional release in Criminal ID No. 1307001326.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice